UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIN MCGUIRE, | : | CIVIL ACTION NO: |
| The Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF STRATFORD | : | |
| The Defendant. | : | AUGUST 5, 2015 |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under arises under Title VII of the Civil Rights Act of 1964 codified as 42 U.S.C. 2000e, *et al*. ("Title VII").

2. The jurisdiction of the Court is founded upon 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1343.

3. Venue is proper in the District of Connecticut, pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Supplemental jurisdiction over Plaintiff's supplemental state law claims are invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

6. The Plaintiff simultaneously timely filed her claims of discrimination with the State of Connecticut, Commission on Human Rights and Opportunities ("CHRO") and Equal Employment Opportunity Commission ("EEOC").

7. The Plaintiff filed her Complaints of discrimination with the CHRO and EEOC on November 6, 2014.

8. Plaintiff received a Release of Jurisdiction from CHRO on May 7, 2015.

9. Plaintiff received a Notice of Right to Sue on August 5, 2015.

## THE PLAINTIFF

10. The Plaintiff, Erin McGuire (hereinafter referred to as "Plaintiff") resides at 17 Holbrook Place, Ansonia, Connecticut 06401.

## THE DEFENDANT

10. The Defendant, Town of Stratford (hereinafter referred to as the "Town"), is located at 2725 Main Street, Stratford, Connecticut 06615.

## PRELIMINARY STATEMENT

11. The Plaintiff seeks, by this action, to recover damages and other relief as a result of the Defendant's violations of Title VII, retaliation, and violations of Connecticut state law.

## FACTS

12. The Plaintiff, a female, was hired by the Defendant on January 29, 2001, as an Information Technology Services Manager, within the Town's Information Technology Department.

13. Throughout her employment, Plaintiff was sexually harassed and subjected to inappropriate conduct by Mr. Thomas Eckels (hereinafter "Eckels"), Information Technology Services Manager, as alleged in her Federal Complaint, filed on October 6, 2014, captioned *McGuire v. Town of Stratford*, bearing Federal Docket No.

-2-

3:14-cv-01471 (SRU) ("First Federal Complaint").[1]

14. On or about December 11, 2013, and on several other occasions, the Plaintiff verbally complained to Mr. David Wright ("Wright"), her immediate supervisor, about Eckels "inappropriate," and "vulgar" conduct.

15. On December 19, 2013, realizing that her verbal complaints were not reported to Human Resources ("HR") by her supervisor Mr. Wright, the Plaintiff wrote an email to Mr. Ing, Director of HR and the Mayor of the Town of Stratford, John A. Harkins, complaining about Mr. Eckels' unwanted sexual harassment towards her, as alleged in her First Federal Complaint.

16. Following Plaintiff's formal sexual harassment Complaint with HR and the Town of Stratford's Mayor, she was subjected to retaliation and continued sexual harassment.

17. The Defendant's employees sexual harassment continued throughout the months following Plaintiff's Complaint to HR and the Mayor of the Town of Stratford, which included, but is not limited to:

   (a). Plaintiff routinely was told stories by male co-workers openly discussing sexual encounters with women in explicit detail, in which the men described the physical characteristics of the women they had the sexual encounters with;

   (b). One of Plaintiff's co-worker's described the women he had frequent sexual encounters with as having a "big chest;" and

   (c). On a separate occasion, another co-worker described in detail his view while going to the bathroom and demonstrated how he would squat on the toilet bowl.

18. On or about March 3, 2014, since the harassment had not stopped, Plaintiff again

---

[1] Plaintiff filed this second action, since some of her allegations were not yet exhausted and could not have

verbally complained to her supervisor Mr. Wright about the sexually explicit conversations her co-workers were openly having to and in front of her.

19. Mr. Wright told the Plaintiff that the conversations between co-workers needed to stop.

20. Upon information and belief, Mr. Wright, did not take any assertive action and did not report Plaintiff's complaints of sexually explicit conversations to HR, nor did he discipline anyone for sexually vulgar conversation.

21. On March 3rd, in addition to reporting the sexually explicit conversations to her supervisor Mr. Wright, the Plaintiff told Linda Williams ("Williams"), Vice President of the Town's Local Union, about the sexually explicit conversations and asked if she should report it to HR, because she did not believe that Mr. Wright was reporting her complaints.

22. Ms. Williams told the Plaintiff to send her an email depicting the sexually inappropriate conversations and she will inform Plaintiff whether to report it further to HR.

23. Plaintiff sent the requested email to Ms. Williams on March 3rd and Ms. Williams responded by telling Plaintiff that Plaintiff and she would go to HR together if the conversations continued.

24. The Defendant, as shown above, through multiple complaints to her supervisor and a formal complaint to HR and the Mayor of the Town of Stratford, were fully aware and knowledgeable, or should have been aware of Mr. Eckels and other co-workers'

---

been alleged in her first Federal Complaint.

sexually harassing and offensive behaviors, permitted it and allowed it to continue.

25. The Plaintiff was forced to endure, as a condition of her employment, Mr. Eckels and other co-workers' sexually harassing and offensive comments and behaviors.

26. On May 16 2014, Plaintiff was constructively discharged and forced to resign, due to the intolerable work conditions and continued sexual harassment.

## COUNT ONE
### (Violation of Title VII of the Civil Rights Act of 1964, As Amended – Sexual Harassment)

27. Plaintiff hereby incorporates Paragraphs 1-26 as if fully set forth herein.

28. Plaintiff, a female, was subject to gender discrimination, harassment, and sexual harassment in the workplace.

29. Mr. Eckels and other male co-workers continued a pattern of harassing and sexually harassing behavior directed towards the Plaintiff on a routine basis.

30. Male co-workers engaged in sexually explicit conversations and described female body parts in detail in front of the Plaintiff.

31. Another male co-worker described and demonstrated how he went to the bathroom and squatted down.

32. Mr. Eckels' and the other male co-workers' inappropriate and sexually harassing comments and behavior were reported to her direct supervisor, Mr. Wright and Ms. Williams, Vice President of the Town's Local Union.

33. Mr. Eckels' inappropriate and sexually harassing comments and behavior were further reported to Mr. Ing, Human Resources and the Mayor of the Town of Stratford, John A. Harkins.

34. Mr. Eckels' and the other male co-workers' harassment affected the Plaintiff's terms, conditions, and privileges of employment by creating a sexually harassing and hostile working environment.

35. The Defendant, Town of Stratford, is responsible because it knew or should have known of the sexual harassment of its employees and it failed to take prompt and effective remedial action.

36. Defendant's Mayor, John A. Harkins was informed of Mr. Eckels' harassing and sexually harassing comments behavior towards the Plaintiff and the comments and behavior continued.

37. Defendant's supervisor, Mr. Wright, was informed and knowledgeable of Mr. Eckels' and the other male co-workers' harassing and sexually harassing behaviors by the Plaintiff on several occasions.

38. Defendant's Human Resources, Mr. Ing, was informed and knowledgeable of Mr. Eckels' and the other male co-workers' harassing and sexually harassing behaviors by the Plaintiff on several occasions.

39. After such actual notification, the Defendant failed to take prompt or effective remedial action.

40. Plaintiff was embarrassed, humiliated, disturbed, disgusted, intimidated and offended by Mr. Eckels' conduct and the other male co-workers', which had a substantially negative effect on the conditions of her work environment.

41. Defendant, its agents, servants and employees conducted themselves in an abusive, intimidating, insulting and offensive manner and created a hostile work environment, of which Defendant had knowledge.

42. Despite complaints to, verification of, and knowledge of the foregoing conduct, Defendant neglected and refused to take adequate measures to stop the offensive conduct.

43. Defendant's conduct is unlawful and in violation of Title VII, as amended.

44. The Plaintiff was forced to continue to be subjected to a hostile and sexually harassing work environment as a result of Defendant's negligence.

45. Mr. Eckels' and the other male co-workers' inappropriate behavior was frequent and severe and thus created a hostile and offensive work environment, which resulted in the Plaintiff being constructively discharged.

46. As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages including but not limited to economic damages and loss of benefits, emotional and psychological stress, distress, anxiety, and the ability to enjoy life's pleasures.

47. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT TWO
### (Violation of Title VII of the Civil Rights Act of 1964 for Subjecting Plaintiff to a Hostile Work Environment)

48. Plaintiff hereby incorporates Paragraphs 1-26 and 27-47, as if more fully set forth herein.

49. Plaintiff, a female, was subjected to gender discrimination, harassment and sexual harassment in the workplace.

50. Mr. Eckels and other male co-workers continually made sexually harassing remarks and comments, directed towards the Plaintiff.

51. Mr. Eckels and the other male co-workers continued a pattern of harassing and sexually harassing comments and behavior towards the Plaintiff on a routine basis.

52. Male co-workers engaged in sexually explicit conversations and described female body parts in detail in front of the Plaintiff.

53. Another male co-worker described and demonstrated how he went to the bathroom and squatted down.

54. Mr. Eckels' and the other male co-workers' inappropriate and sexually harassing comments and behavior were reported to her direct supervisor, Mr. Wright and Ms. Williams, Vice President of the Town's Local Union.

55. Mr. Eckels inappropriate and sexually harassing comments and behavior were further reported to Mr. Ing, Human Resources and the Mayor of the Town of Stratford, John A. Harkins.

56. Defendant's Mayor, John A. Harkins was informed of Mr. Eckels' harassing and sexually harassing behavior towards the Plaintiff.

57. Defendant's Supervisor, Mr. Wright, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors towards the Plaintiff on several occasions.

58. Defendant's Human Resources, Mr. Ing, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors by the Plaintiff on multiple occasions.

59. After such actual notification, the Defendant failed to take prompt effective remedial action.

60. Plaintiff was embarrassed, humiliated, disturbed, disgusted, intimidated and offended by Mr. Eckels' conduct, which negatively affected the conditions of her employment.

61. Defendant, its agents, servants and employees conducted themselves in an abusive, intimidating, insulting and offensive manner and created a hostile work environment of which Defendant had knowledge.

62. Despite complaints to, verification of, and knowledge of the foregoing conduct, Defendant neglected and refused to take appropriate measures to stop the offensive conduct.

63. The Plaintiff was forced to continue to be subjected to a hostile and sexually harassing work environment as a result of Defendant's negligence.

64. As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages including but not limited to economic damages and loss of benefits,

emotional and psychological stress, distress, anxiety, and the ability to enjoy life's pleasures.

65. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT THREE
### (Violation of Title VII for Retaliating Against Plaintiff)

66. Plaintiff hereby incorporates Paragraphs 1-26, 27-47, and 48-65 as if fully set forth herein.

67. Plaintiff was engaged in an activity protected by Title VII.

68. The Defendant Town retaliated against Plaintiff for complaining to HR and the Mayor of the Town of Stratford about the Town's employees inappropriate and sexually offensive behaviors by constructively discharging the Plaintiff on May 16, 2014.

69. The adverse employment actions taken by Defendant have been in retaliation for Plaintiff reporting Mr. Eckels' inappropriate and sexually harassing comments and behavior to HR and for reporting other male co-workers' inappropriate and sexually harassing comments and behavior to her supervisor, Mr. Wright and to Ms. Williams, Vice President of the Town's local Union.

70. Defendant's conduct is a violation of Title VII, as amended.

71. As a result of this on-going harassment and retaliation, Plaintiff has suffered and will continue to suffer damages including but not limited to, economic damages as well as, emotional, physical and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

72. As a result of the foregoing conduct, Plaintiff seeks compensatory and punitive damages as a result of Defendant's unlawful conduct.

## COUNT FOUR
### (Negligent Supervision)

73. Plaintiff hereby incorporates Paragraphs 1-26, 27-47, 48-65, and 66-72 as if fully set forth herein.

74. Plaintiff is a female.

75. Plaintiff was subject to gender discrimination, harassment and sexual harassment in the workplace.

76. Mr. Eckels and other male co-workers continually made sexually harassing remarks, comments to the Plaintiff

77. Mr. Wright, in his supervisory position, permitted Mr. Eckels' and the other male co-workers' sexually harassing remarks and comments.

78. Mr. Eckels and the other male co-workers pattern of harassing and sexually harassing comments and behavior towards the Plaintiff continued on a regular basis.

79. Plaintiff's December 19th e-mail complained about inappropriate and sexually harassing comments of Mr. Eckels to HR and the Mayor of the Town of Stratford, as alleged in her First Federal Complaint.

80. In addition, other male co-workers engaged in sexually explicit conversations and described female body parts in detail in front of the Plaintiff.

81. Another male co-worker described and demonstrated how he went to the bathroom and squatted down.

82. Mr. Eckels' and the other male co-workers' inappropriate and sexually harassing comments and behavior were reported to her direct supervisor, Mr. Wright and Ms. Williams, Vice President of the Town's Local Union.

83. Mr. Eckels' inappropriate and sexually harassing comments and behavior were further reported to Mr. Ing, Human Resources and the Mayor of the Town of Stratford, John A. Harkins.

84. The Defendant, Town of Stratford knew of Eckels' propensity to engage in inappropriate sexual conduct.

85. The Defendant, Town of Stratford, is responsible because it knew or should have known of the sexual harassment and failed to take prompt remedial action.

86. Defendant's Mayor, John A. Harkins was informed of Mr. Eckels' harassing and sexually harassing behavior towards the Plaintiff.

87. Defendant's supervisor, Mr. Wright, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors towards the Plaintiff on several occasions.

88. Defendant's Human Resources, Mr. Ing, was informed and knowledgeable of Mr. Eckels' harassing and sexually harassing behaviors by the Plaintiff on several occasions.

89. After such actual notification, the Defendant failed to take prompt and effective remedial action.

90. The Plaintiff was forced to continue to be subjected to a hostile and sexually harassing work environment as a result of Defendant's negligent supervision of its

employees.

91. As a result of the foregoing unlawful conduct, the Plaintiff suffered and will continue to suffer damages including but not limited to economic damages and loss of benefits, emotional and psychological stress, distress, anxiety, and the ability to enjoy life's pleasures.

92. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this court award:

1. Money damages;
2. Costs;
3. Punitive damages, attorney fees, and expert witness fees;
4. Pre-judgment interest;
5. Trial by jury; and
6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
ERIN MCGUIRE

By:_____/s/_____
Eugene Axelrod (ct00309)
Michael C. McMinn (ct27169)
Axelrod & Associates, LLC
8 Lunar Drive
Woodbridge, CT 06525
Tel: 203-389-6526
Fax: 203-389-2656
Her Attorneys